## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CITIZENS FOR RESPONSIBILITY** ) <br> **AND ETHICS IN WASHINGTON,** ) <br> 1101 K St. N.W., Suite 201, ) <br> Washington, D.C. 20005, ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v.  ) <br>  ) <br> **U.S. DEPARTMENT OF COMMERCE,** ) <br> 1401 Constitution Ave., N.W. ) <br> Washington, D.C. 20230, ) <br>  ) <br> Defendant. ) <br> _____ ) | Civil Action No. |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for injunctive,

declaratory, and other appropriate relief. Plaintiff Citizens for Responsibility and Ethics in

Washington ("CREW") challenges the failure of Defendant U.S. Department of Commerce

("Commerce") to release records in response to CREW's FOIA request seeking to ascertain the

extent of the influence Thomas Barrack, President Trump's inauguration chairperson, had on the

Commerce Department and its participation in a plan to provide nuclear technology to Saudi

Arabia.

2.      This case seeks declaratory relief that Commerce is in violation of FOIA, 5

U.S.C. § 552(a)(3)(a), by refusing to provide CREW all responsive, non-exempt documents, and

injunctive relief ordering Commerce to process and release to CREW immediately the requested

records.

## Jurisdiction and Venue

3.     This Court has both subject matter jurisdiction over this action and personal

jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). The Court also has jurisdiction

over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202. Venue lies in this district

under 5 U.S.C. § 552(a)(4)(B).

## Parties

4.     Plaintiff CREW is a non-profit, non-partisan organization organized under section

501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens

to be informed about the activities of government officials and agencies, and to ensuring the

integrity of government officials and agencies. CREW seeks to empower citizens to have an

influential voice in government decisions and in the government decision-making process

through the dissemination of information about public officials and their actions. To advance its

mission, CREW uses a combination of research, litigation, and advocacy. As part of its research,

CREW uses government records made available to it under the FOIA.

5.     Defendant Commerce is an agency within the meaning of 5 U.S.C. § 552(f) and 5

U.S.C. § 701. Commerce has possession and control of the requested records and is responsible

for fulfilling plaintiff's FOIA request.

## Factual Background

6.     Thomas Barrack is a private equity real estate investor and longtime close friend

of President Trump. He also served as President Trump's inaugural chairperson. Since serving in

that role, he has remained closely connected to President Trump and the Trump administration.

7.     In February 2019, the House Oversight Committee released a report detailing

whistleblowers' concerns related to an effort early in the Trump administration to provide

nuclear technology to Saudi Arabia. <u>Whistleblowers Raise Grave Concerns with Trump Administration's Efforts to Transfer Sensitive Nuclear Technology to Saudi Arabia</u>, U.S. House Committee on Oversight and Reform, February 2019, *available at* https://bit.ly/2X8xG1c ("February Report"). Mr. Barrack was allegedly a part of this effort. *Id.* According to the report, several people involved in advocating for the plan—from both inside and outside the government—apparently stood to profit from it. *Id.*

8.      Records obtained by CREW show that Mr. Barrack had access to high-level officials in the Commerce Department. Walker Davis, <u>Emails Show Tom Barrack Pitched Wilbur Ross on Middle East Plan</u>, *Citizens for Responsibility and Ethics in Washington*, May 14, 2019, *available at* https://bit.ly/2LOIDm4. Shortly after a white paper authored by Mr. Barrack, "The Trump Middle East Marshall Plan," was sent to Commerce officials in March 2017, a meeting was arranged between Mr. Barrack and Secretary Ross by former Trump deputy campaign manager advisor and now-convicted felon Rick Gates, working on behalf of Mr. Barrack. *Id.*

9.      In July 2019, the House Oversight Committee issued a subsequent report outlining a formal, federal investigation into Mr. Barrack and his ties to Saudi Arabia and the United Arab Emirates. <u>Corporate and Foreign Interests Behind White House Push to Transfer U.S. Nuclear Technology to Saudi Arabia</u>, U.S. House Committee on Oversight and Reform, July 2019, *available at* https://bit.ly/32RuSZ8 ("July Report"). Specifically, the July Report alleges:

> Mr. Barrack negotiated directly with President Trump and other White House officials to seek powerful positions within the Administration—including Special Envoy to the Middle East and Ambassador to the United Arab Emirates—at the same time he was (1) promoting the interests of U.S. corporations seeking to profit from the transfer of nuclear technology to Saudi Arabia; (2) advocating on behalf of foreign interests seeking to obtain this U.S. nuclear technology; and (3)

3

taking steps for his own company, Colony NorthStar, to profit from the same proposals he was advancing with the Administration.

10.     Mr. Barrack allegedly promoted the interests of U.S. corporations seeking to bring nuclear technology to Saudi Arabia by including such initiatives in his "Middle East Marshall Plan." *Id.* at 3. He advocated on behalf of foreign interests by sharing a draft of one of then-candidate Trump's speeches "with Saudi and Emirati officials to coordinate pro-Gulf language." *Id.* at 4. And, according to the July Report, "a key component of Mr. Barrack's plan was the purchase of Westinghouse Electric Company—the only U.S. manufacturer of large-scale nuclear reactors—using significant Saudi and Emirati capital, but with enough U.S. ownership to bypass scrutiny." *Id.* at 20.

11.     Despite a November 28, 2017 request from House Oversight Committee Ranking Member Elijah Cummings and House Foreign Affairs Committee Ranking Member Eliot Engel, Mr. Barrack refused to produce documents or appear for interviews to discuss efforts to transfer nuclear technology to the Middle East. *Id.* at 8.

12.     In its July 2019 Report, the House Oversight Committee indicated that "[t]o date, DOC has produced only 275 unique, responsive pages" to its requests for information on the proposed nuclear deal with Saudi Arabia, calling the production "deficient." *Id.* at 11.

13.     To help answer questions about how Mr. Barrack sought to pursue goals related to Saudi Arabia at the Department of Commerce, CREW submitted a FOIA request to Commerce by email dated June 26, 2019, seeking:

1. All communications between Secretary Ross and President Trump's inauguration chairperson Thomas Barrack from January 20, 2017 to the present.

2. All communications between Secretary Ross and former White House advisor to the Commerce department Eric Branstad that mention or refer to Thomas Barrack from January 20, 2017 to March 1, 2018.

3. All communications between Secretary Ross and former White House advisor to the Commerce department Eric Branstad that mention or refer to Secretary Ross's May 2017 official visit to Saudi Arabia from January 20, 2017 to June 1, 2017.

4. All communications and records related to Secretary Ross's May 2017 official visit to Saudi Arabia, including but not limited to who he traveled with, from January 20, 2017 to June 1, 2017.

14.     CREW sought a waiver of fees associated with processing its request, explaining the requested records would shed light on Mr. Barrack's apparent efforts to share sensitive nuclear technology with Saudi Arabia.

15.     By email dated July 2, 2019, Commerce confirmed receipt of CREW's request.

16.     To date, Commerce has not provided CREW with a determination on its request.

17.     CREW has exhausted all administrative remedies applicable to its request.

## PLAINTIFF'S CLAIM FOR RELIEF

### (Wrongful Withholding of Non-Exempt Records)

18.     Plaintiff repeats and re-alleges the preceding paragraphs.

19.     In its June 26, 2019 FOIA request, Plaintiff properly asked for records within the custody and control of Defendant.

20.     Defendant wrongfully withheld from disclosure agency records requested by Plaintiff in its June 26, 2019 FOIA request.

21.     By failing to release the records Plaintiff requested, Defendant violated FOIA.

22.     Plaintiff is therefore entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the records requested in its June 26, 2019 FOIA request.

### Requested Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

(1)     Order Defendant to immediately and fully process Plaintiff's June 26, 2019 FOIA request and disclose all non-exempt documents immediately to Plaintiff;

(2)     Issue a declaration that Plaintiff is entitled to immediate processing and disclosure of the records requested in its June 26, 2019 FOIA request;

(3)     Provide for expeditious proceedings in this action;

(4)     Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(5)     Award Plaintiff its costs and reasonable attorneys' fees in this action; and

(6)     Grant such other relief as the Court may deem just and proper.


Date: August 6, 2019                          Respectfully Submitted,

                                              ANNE L. WEISMANN
                                              (D.C. Bar. No. 298190)
                                              Adam J. Rappaport
                                              (D.C. Bar No. 479866)
                                              Citizens for Responsibility and Ethics
                                              in Washington
                                              1101 K St. N.W., Suite 201
                                              Washington, D.C. 20005
                                              Telephone: (202) 408-5565
                                              Fax: (202) 588-5020
                                              aweismann@citizensforethics.org